[No. 14950.  Department Two.  January 2, 1919.]

*In the Matter of the Adoption of* LA VAUNNIE RISING.[1]

ADOPTION (5) — NOTICE — PERSONS ENTITLED.  A divorcee, who came into the possession of a child in its infancy, and had no interest except to pay alimony awarded for its support, not being the father of the child, is not entitled to notice of proceedings for its adoption.

SAME (4)—CONSENT OF MOTHER.  A writing whereby the mother voluntarily gives up all claim to her infant child, then delivered to a foundling home, is sufficient consent to a subsequent adoption of the child, and obviates the necessity of notice to the mother under Rem. Code, § 1696.

SAME (5)—NOTICE—SUFFICIENCY.  Where a child has been declared a dependent child and made a ward of the juvenile department of the superior court, subsequent adoption proceedings in the same court are sufficient notice to the juvenile department, the knowledge of the judge hearing the matter being at least notice of the hearing to the other department.

SAME (9)—SETTING ASIDE—FITNESS OF PETITIONER.  Where, in dependency proceedings, a woman had been found to be a suitable person to have custody of the dependent child, and later on obtaining a divorce she was again awarded its custody as a suitable person, an objection to adoption proceedings by her that a next friend should have been appointed to represent the infant on the determination of the fitness of the petitioner, is insufficient to warrant vacation of a decree of adoption.

Appeal from an order of the superior court for King county, Smith, J., entered March 5, 1918, vacating an order of adoption, after a hearing before the court.  Reversed.

*Jay C. Allen,* for appellant.
*Gill, Hoyt & Frye,* for respondent.

MOUNT, J.—This appeal is from an order of the lower court vacating an order of adoption of an infant child.  The adopting parent has appealed.  The

[1]Reported in 177 Pac. 351.

facts are as follows: On March 4, 1912, at Toronto, Canada, a child was born to Lora Cairney, who at that time was not married. On May 18, when the child was a little more than two months old, the mother gave the child to a foundling home at Toronto, and at the time executed the following writing:

"This is to certify that I, Lora Cairney, voluntarily give up all claim to my infant daughter, Elsie Cairney, born March 4, 1912, having been unable to support said infant."

This writing was dated May 18, 1912, signed by Lora Cairney in the presence of two witnesses. Shortly thereafter, in the same year, the care, custody and control of this child, together with the original writing, were, by the officers of the foundling home, given to one Arthur E. Rising and Bernile Rising, who at the time were husband and wife. They thereafter called the child La Vaunnie Rising. The Risings took no steps to legally adopt the child, contenting themselves with giving it proper care and attention. Thereafter, on the 19th day of October, 1915, Bernile Rising instituted an action for divorce in the superior court of the state of Washington for King county, where the Risings then resided. Before answer was filed in the divorce case, a petition was filed in the juvenile department of the superior court of King county alleging that the child was a dependent child. This petition came on regularly for hearing, and the juvenile department of the court entered an order upon that hearing adjudging the child to be a dependent child, the order reciting:

"It appearing to the court that the said Mrs. Bernile Rising is competent to have the care and custody of said child; it is hereby ordered by the court that the said La Vaunnie Rising be and remain a ward of this court, and that she be permitted to go hence in the

custody of Bernile Rising, with whom she shall reside subject to the supervision by a probation officer of this court, to be returned for further hearing herein whenever it shall be for the welfare of the said child.''

Thereafter the answer in the divorce case was filed by Arthur E. Rising, which contained a cross-complaint for a divorce. The action for divorce resulted, on the 21st day of February, 1916, in a decree granting Mrs. Rising a divorce. That decree provided:

''That the disposition of the said child heretofore made by the juvenile court of King county, will remain in force; that thirty dollars a month, commencing March 1, 1916, for one year, for settlement of property interests and support of the said child, and the further sum of twenty dollars per month, commencing March 1, 1917, and continuing until the further order of this court, is a reasonable amount to be allowed plaintiff, and contributed by the defendant for the support of the said child; that so long as he shall obey the orders of the court herein the defendant shall be entitled to see said child at reasonable times.''

After the entry of that decree, Arthur E. Rising left the state of Washington and thereafter lived in California, and the child remained in the custody and under the care of Bernile Rising at all times. Thereafter, on the 26th day of July, 1917, Bernile Rising petitioned the superior court of the state of Washington for King county for leave to adopt the said child. No notice was given to Arthur E. Rising of the adoption proceedings. It is admitted that, at the time of the making of that application and prior thereto, Arthur E. Rising was a nonresident and was absent from the state of Washington, and that he was during all of said time a resident of the state of California.

At the time of the hearing of the petition for adoption, the fact that the child had been decreed to be a dependent child by the juvenile department of the

said court, and the orders relative to said child by said juvenile department of said court, were made known to the court, and the court, after hearing, granted the petition for adoption and entered a decree accordingly. Thereafter, on the 19th day of September, 1917, Arthur E. Rising filed a petition in the adoption proceedings, seeking to have the decree of adoption vacated and set aside. On issue joined upon the petition, and after hearing, the trial court found the facts substantially as we have above indicated, and found that no notice of the petition for adoption was given to the juvenile department of the court or any of its officers or agents; that the juvenile court had no notice of the petition; that no notice of the petition for adoption was given to Arthur E. Rising, and that, at the time of the hearing of said petition, the mother of said child was not present and was not notified of the adoption proceedings, and that no next friend to said child was appointed by the court. The court thereupon concluded that the adoption proceedings were void and of no effect, and for that reason set aside the order of adoption. The question in the case is whether the superior court of King county, which made the order of adoption, had jurisdiction sufficient upon which to base the order. The statute provides, in § 1696, Rem. Code, as follows:

"Any inhabitant of this state, not married, or any husband and wife jointly, may petition the superior court of their proper county for leave to adopt and change the name if desired, of any child under the age of twenty-one years, but a written consent must be given to such adoption by the child, if of the age of fourteen years, and by each of his or her living parents who is not hopelessly insane or a confirmed drunkard. If there be no such parents, or if the parents be unknown, or shall have abandoned such child, or if such parents, or either of them, are hopelessly insane, or a

confirmed drunkard, then by the legal guardian; if there be no such guardian, then by a discreet and suitable person appointed by said court to act in the proceedings as the next friend of such child: Provided, however, that if the parents are living separate and apart, the consent of both is not required, but such consent may be given by the parent having the care, custody and control of such child.''

It is argued by appellant that there was no necessity under the statute for notice to be given to Mr. Rising, because he was a nonresident and had no interest in the child; that it was not necessary to notify the mother of the child, because she had, in writing, given up all claim to the child; and that it was not necessary to serve a formal notice upon the juvenile department of the superior court, or any officer thereof, because the application for adoption was tried to one department of the superior court and that department was informed of all the proceedings which had theretofore taken place in reference to the child.

The respondent, on the other hand, argues that, because this child was a dependent and abandoned child, it was necessary, under the statute, that a next friend of the child be appointed to determine the propriety of the adoption by the applicant and to determine her qualifications and fitness to adopt the child.

From the statement of facts which we have made above, it will be noticed that Arthur E. Rising was not a parent of the child. He and his former wife had obtained the possession of the child in its infancy and, during their short marriage, had its care and custody. Upon the decree of divorce, he was required to pay a certain amount monthly for the support of the child. That was the extent of his interest. At the time of adoption proceedings, he was a nonresident of the state, a resident of California, living separate and

apart from the appellant, therefore his consent was not required under the statute. It will also be noticed that, when the child was a little more than two months of age, its mother, by writing, voluntarily gave up all claim to the child. The child was delivered to a foundling home at Toronto. Thereafter, within a short time, the officers at that home delivered the child to Mr. and Mrs. Rising. The child was born out of lawful wedlock. Its father is unknown. The mother was known. The writing which she delivered to the officers of the foundling home and which was subsequently delivered to Mr. and Mrs. Rising, was sufficient authority for them to adopt the child without further notice. If it was sufficient for the two, it was sufficient for Mrs. Rising. *In re Potter,* 85 Wash. 617, 149 Pac. 23, where a writing was given as follows: "I hereby turn over my right and title of my baby girl, born November 23, 1910, to Mrs. Nellie Myers, Riverside, Wash. E. N. Potter." We there said:

"That the writing made by the mother at the time the baby was turned over to appellant is a sufficient evidence of consent to an adoption."

We are of the opinion that the writing in this case was also sufficient evidence of consent to the adoption, though it does not name the person to whom possession of the child is given. We are further of the opinion that, if notice to the juvenile department of the superior court was necessary, sufficient notice was given. It is conceded that, at the time of the hearing upon the petition for adoption, the fact that the child had been declared to be a dependent child, the fact that it had been placed in the custody of the appellant, who now seeks to adopt it, and the fact that the appellant had possession of the child by reason of that custody, were all made known to the superior court of

King county. It is true the juvenile department of the superior court is not the department by which the adoption proceedings were determined, but it is a branch of the same court, and the knowledge of the judge in that department must be construed to be at least notice to the other department of the fact that the case was being heard in the adoption matter. It was not necessary for that department to give consent to adoption.

It is argued by respondent that one of the material questions to be tried in an adoption proceeding is the fitness of the person seeking to adopt, and that without the appearance of a next friend or some person to make an issue thereon, that question would not be determined. That question had, upon at least two previous occasions, been raised and determined, first in the juvenile department, where the child was declared to be a dependent child, and where the court found that appellant was a suitable person to have the care and custody of the child and its custody was awarded to her. Upon trial of the divorce case, that question was again determined, and the court concluded that appellant was a proper person to have the care and custody of the child, and made an order to that effect. Upon all the facts in the case, we are satisfied that the court which entered the order of adoption had jurisdiction to make the order, and that it was not necessary to give the natural mother of the child further notice, and that it was not necessary for Arthur E. Rising to have notice of the application, and that, if it was necessary to notify the juvenile department of the superior court of the proceedings in adoption, the notice to the judge trying the adoption proceedings was sufficient for that purpose.

In *In re Lease,* 99 Wash. 413, 169 Pac. 816, the natural father, who resided within the state and whose whereabouts was known, had not given consent to the adoption. We held there it was necessary that he have notice of the adoption proceedings, but that case does not control this case. We think this case is more nearly controlled by the case of *In re Potter, supra.*

The order vacating the adoption proceedings is therefore reversed, and remanded with instructions to dismiss the application to vacate the order of adoption.

PARKER and HOLCOMB, JJ., concur.

FULLERTON, J. (concurring)—The proceedings had in the adoption of the minor child in question are irregular and subject to be set aside by any person having such an interest as to entitle him to question them, but they are not void. The respondent, Arthur E. Rising, has no such interest as to entitle him to question the proceedings. He is neither the natural nor the adopted father of the minor, and is not related to it in any other way. True, he permitted a judgment to stand against him which required him to contribute to the child's support, but this gives him no interest in the child, nor any right to control its custody. The judgment itself was erroneous, and has validity merely because entered in a court of general jurisdiction which had jurisdiction over the subject-matter and over the person of the respondent. The record clearly shows that it had no foundation in either law or fact, and could have been set aside by the respondent had he proceeded against it at the proper time and in the proper way.

Since, therefore, the respondent was without interest sufficient to question the adoption proceedings, his application to set them aside should not have been en-

tertained by the trial court, and the order is subject to review in this court. For these reasons, I think the judgment directed in the majority opinion is right, and concur therein, although I cannot think the reasoning upon which it is rested is tenable.

MAIN, C. J., concurs with FULLERTON, J.