[No. 15194. Department One. July 14, 1919.]

## *In re* LOUISE CHARTRAND.[1]

INFANTS (4) — CUSTODY OF DELINQUENTS — PROCEEDINGS. Rem. Code, § 2312, requiring the dismissal of prosecutions where the accused is not brought to trial within sixty days, applies only to criminal prosecutions, and not to proceedings against a delinquent child, under Rem. Code, § 1987-1, par. 6, of the juvenile act.

SAME (4)—PROCEEDINGS—POWER OF COURT—HABEAS CORPUS. The superior court, sitting for the hearing of a writ of habeas corpus in behalf of a minor charged to be a delinquent child, has power to act as a court in juvenile matters and may treat the application as a motion for a change of custody.

Appeal from an order of the superior court for Chelan county, Neal, J., entered August 30, 1918, holding a minor for trial upon a complaint charging delinquency, upon a hearing upon application for habeas corpus. Appeal dismissed.

*C. B. Conner,* for appellant.

*W. F. Whitney* and *Burt J. Williams,* for respondent.

MACKINTOSH, J.—The petitioner, on June 8, 1917, was complained against as a delinquent minor. A hearing was had upon this complaint in the petitioner's absence, and an order was made finding her to be a delinquent and committing her to an institution. On March 7, 1918, the petitioner, by writs of habeas corpus sued out in both Chelan and King counties, sought her release from such institution. The writs having been denied, appeals were taken to this court and were disposed of in *In re Chartrand,* 103 Wash. 36, 173 Pac. 728.

After the judgment of this court was pronounced, holding that the superior court of Chelan county had

[1]Reported in 182 Pac. 610.

jurisdiction of the matter, the hearing on the writ was held in that county in August, 1918, the court ordering the petitioner from the custody of the institution for the reason that the order committing her had been made in her absence. The court further ordered the petitioner held for trial upon the original complaint filed in the matter of her delinquency. From this portion of the order, the petitioner has appealed, claiming that more than sixty days having elapsed since the filing of the complaint, without trial, she is entitled to her release by virtue of Rem. Code, § 2312.

In our opinion, the section referred to does not cover complaints or petitions brought under the provisions of the juvenile act, but refers to criminal prosecutions. The petitioner was proceeded against under Rem. Code, § 1987-1, par. 6, being a portion of the act referring to juveniles. The court sitting for the determination of the writ of habeas corpus, at the same time had power to act as a court in juvenile matters, and was at liberty to treat petitioner's application for writ of habeas corpus as an application in the nature of a motion for a change of custody. That the court has this dual capacity has been held by us in *State ex rel. De Bit v. Mackintosh,* 98 Wash. 438, 167 Pac. 1090; *State ex rel. De Bit v. Superior Court,* 103 Wash. 183, 173 Pac. 1014, and *In re Rising,* 104 Wash. 581, 177 Pac. 351.

The appeal is dismissed.

HOLCOMB, C. J., MAIN, TOLMAN, and MITCHELL, JJ., concur.