[No. 6169–1.   Division One.   May 14, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. EDMOND CUMMINGS, *Appellant.*

ANDERSEN, J., concurs by separate opinion.

*Dan Kilpatric, Public Defender,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Patricia Aitken, Deputy,* for respondent.

DORE, J.—Edmond Cummings appeals his convictions of first–degree rape and second–degree robbery contending that he was not brought to trial within 90 days, as required by CrR 3.3.

## ISSUE

Does the 90–day time limit of CrR 3.3 begin to run when a juvenile is arrested and held by juvenile authorities for charges under which he is later convicted in superior court after the juvenile court declines jurisdiction?

## FACTS

The facts and relevant dates pertinent to the issue presented by this appeal are as follows:

| | |
|---|---|
| July 8, 1977: | Cummings, a juvenile, is arrested for rape and robbery and placed in detention in the Youth Service Center. |
| July 20, 1977: | Petition is filed in the juvenile court alleging Cummings delinquent and requesting the court to decline jurisdiction. |

July 27, 1977:    Hearing is held on the State's petition and the juvenile court declines jurisdiction.

August 1, 1977:    Information is filed in the superior court charging Cummings with rape and robbery.

August 3, 1977:    Cummings is arraigned.

August 10, 1977:    Trial is set for September 20, 1977.

August 11, 1977:    Cummings posts bond and is released from custody.

August 30, 1977:    Omnibus hearing is held and the defense attorney requests a continuance because of a full trial schedule. Trial is continued to October 10, 1977.

October 17, 1977:    The case is assigned out to trial at which time a motion to dismiss is filed by the defense attorney for failure to bring Cummings to trial within 90 days, pursuant to CrR 3.3. The motion is denied.

October 19, 1977:    The jury finds Cummings guilty of first–degree rape and second–degree robbery.

## DECISION

Cummings argues that more than 90 days elapsed before he was brought to trial because the 90–day time limit of CrR 3.3 began to run when he was held to answer by the juvenile authorities. We disagree.

CrR 3.3(a) makes it the responsibility of the court to insure that a person "charged with crime" is brought to trial in accordance with its time limitations. A juvenile is not charged with crime while under the jurisdiction of the juvenile court. *In re Noble,* 15 Wn. App. 51, 547 P.2d 880 (1976); *In re Chartrand,* 107 Wash. 560, 182 P. 610 (1919); RCW 13.04.240. Therefore, the time limitations of CrR 3.3 did not begin to run while Cummings' case was pending in

the juvenile court. *In re Chartrand, supra.* The trial court did not err in denying his motion to dismiss because the 90–day speedy trial rule was not violated.

Affirmed.

SWANSON, J., concurs.

ANDERSEN, J. (concurring)—I concur in the result based on the reasoning of *State v. Lawley,* 91 Wn.2d 654, 591 P.2d 772 (1979).