[No. 3138–1–III. Division Three. January 8, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES LEE JACKS, *Appellant.*

*Richard L. Cease, Public Defender,* and *Francis J. Conklin, Special Public Defender,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Al Gauper, Deputy,* for respondent.

McINTURFF, J.—The defendant, James Lee Jacks, appeals from a conviction of second–degree rape, contending he was denied his right to a speedy trial under CrR 3.3

Mr. Jacks, age 17, was arrested on November 2, 1977, when police learned he was the subject of three outstanding bench warrants relating to traffic convictions. He was transported and detained at the Spokane County detention center until November 6.

On November 2, Mr. Jacks was interviewed by a police detective from the Young Peoples Bureau, and a hold was placed on his release from jail based upon a prior investigation connecting him with an alleged rape. After having served the time in jail which resulted from the bench warrants, Mr. Jacks was then transferred to the juvenile detention center on November 7.

On November 8, the prosecutor filed a delinquency petition with reference to the rape charge. The juvenile court scheduled a declination hearing for November 15, but the hearing was subsequently postponed until November 23 at the request of defense counsel. On November 23, the juvenile court declined jurisdiction and Mr. Jacks was bound over to superior court.

Because Mr. Jacks was unable to post $5,000 bond to gain pretrial release, he remained incarcerated until the

trial on January 19, 1978. At that time, he made an unsuccessful motion to dismiss the charge on the basis of the speedy trial provisions of CrR 3.3.[1]

Mr. Jacks argues he was denied the right to a speedy trial because the allowable period of 60 days under CrR 3.3(c) commenced at the time of his arrest on November 2, 1977, and expired before the trial on January 19, 1978. The State disagreed and argued the applicable time period did not commence until the entry of the order of declination by the juvenile court on November 23, 1977.

In *State v. Cummings*, 23 Wn. App. 316, 318, 597 P.2d 397 (1979), the court said:

> CrR 3.3(a) makes it the responsibility of the court to insure that a person "charged with crime" is brought to trial in accordance with its time limitations. A juvenile is not charged with crime while under the jurisdiction of the juvenile court. *In re Noble*, 15 Wn. App. 51, 547 P.2d 880 (1976); *In re Chartrand*, 107 Wash. 560, 182 P. 610 (1919); RCW 13.04.240. Therefore, the time limitations of CrR 3.3 did not begin to run while Cummings' case was pending in the juvenile court. *In re Chartrand, supra.*

We agree, as do the majority of courts from other jurisdictions addressing this issue.[2]

Two basic reasons support this conclusion. First, as the court noted in *State v. Cummings, supra,* CrR 3.3(a) is directed toward persons "charged with crime." Under RCW 13.40.020(14), a juvenile offense means an act which would

---

[1]CrR 3.3 (in effect at the time in question):

"(a) . . . It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

". . .

"(c) . . . Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance."

[2]*State v. White*, 223 N.W.2d 173 (Iowa 1974); *State ex rel. Williams v. Court of Common Pleas*, 42 Ohio St. 2d 433, 329 N.E.2d 680 (1975); *Commonwealth v. Bell*, 245 Pa. Super. Ct. 164, 369 A.2d 345 (1977), *accord, State v. Howell*, 89 N.M. 10, 546 P.2d 858 (1976); *State v. Young*, 44 Ohio App. 2d 387, 339 N.E.2d 668 (1975); *cf. State v. Hunter*, 342 So. 2d 81 (Fla. 1977); *State v. Benton*, 337 So. 2d 797 (Fla. 1976).

amount to a crime "if committed by an adult."[3] Mr. Jacks' contention that the procedure for declination is a "mere formality" or a matter of "routine paperwork" is not well taken. RCW 13.40.110(2), (3) require a judicial determination that the declination would be in the best interests of the juvenile or the public, and the court must enter a written finding supported by the relevant facts and opinions produced at the hearing.[4]

Second, under RCW 13.04.030(6), the juvenile court exercises *exclusive original jurisdiction* over juvenile offenders, unless or until the court transfers its jurisdiction to the adult criminal court.[5] Mr. Jacks was 17 years old at the

---

[3] RCW 13.40.020(14):

"'Offense' means an act designated a violation or a crime if committed by an adult under the law of this state, under any ordinance of any city or county of this state, under any federal law, or under the law of another state if the act occurred in that state;"

[4] RCW 13.40.110:

"(2) The court after a decline hearing may order the case transferred for adult criminal prosecution upon a finding that the declination would be in the best interest of the juvenile or the public. The court shall consider the relevant reports, facts, opinions, and arguments presented by the parties and their counsel.

"(3) When the respondent is transferred for criminal prosecution or retained for prosecution in juvenile court, the court shall set forth in writing its finding which shall be supported by relevant facts and opinions produced at the hearing."

[5] RCW 13.04.030:

"The juvenile courts in the several counties of this state, shall have exclusive original jurisdiction over all proceedings:

". . .

"(6) Relating to juveniles alleged or found to have committed offenses or violations as provided in RCW 13.40.020 through 13.40.230, as now or hereafter amended, unless:

"(a) The juvenile court transfers jurisdiction of a particular juvenile to adult criminal court pursuant to RCW 13.40.110, as now or hereafter amended; or

"(b) The statute of limitations applicable to adult prosecution for the offense or violation has expired; or

"(c) The alleged offense is a traffic, fish, boating, or game offense committed by a juvenile sixteen years of age . . .

time of his arrest and thus a juvenile within the meaning of RCW 13.40.020(10).[6]

Mr. Jacks argues CrR 3.3 applies to juvenile proceedings by virtue of JuCR 1.4(b). We disagree. JuCR 1.4(b) provides: "The Superior Court Criminal Rules shall apply in juvenile offense proceedings when not inconsistent with these rules and applicable statutes." Given the juvenile court's exclusive jurisdiction over juvenile offenders, it would be inconsistent with the rules of juvenile court to apply the time limitations of CrR 3.3 before the juvenile court enters an order declining jurisdiction. Before that time, the State must devote its efforts to the declination proceeding. Until the results of that proceeding are known, the State would not be justified in preparing the case for trial in superior court.

Furthermore, the juvenile offender's interest in a speedy trial is assured by JuCR 8.1(b) which requires a hearing on declination within 14 days after the information is filed. Here, the declination hearing was scheduled 7 days after the prosecutor filed the delinquency petition, but defense counsel's request for a continuance resulted in a postponement until November 23, 1977. The entry of an order of declination by the juvenile court starts the applicable time limitations of CrR 3.3, thus ensuring the defendant a speedy trial. The trial court did not err in denying the defendant's motion to dismiss.[7] The applicable time limitations commenced upon entry of the order of declination by the juvenile court.

---

[6]RCW 13.40.020(10):

"'Juvenile', 'youth', and 'child' mean any individual who is under the chronological age of eighteen years and who has not been previously transferred to adult court."

[7]Even if CrR 3.3 were to apply to juvenile proceedings, it is arguable that proceedings relative to declination would qualify as an excluded period under CrR 3.3(e)(1): "All proceedings relating to the *competency* of the defendant to stand trial." (Italics ours.)

Judgment of the Superior Court is affirmed.

GREEN, C.J., and MUNSON, J., concur.

Reconsideration denied February 4, 1980.

Review denied by Supreme Court April 3, 1980.

---

The trial court stated:

. . . I looked at Random House Dictionary of English, The Unabridged Edition, which defines "competence" as applied to the law as this: "The quality or state of being legally competent; legal capacity or qualification based on the meeting of certain minimum requirements of *age*, soundness of mind or citizenship, or the like."

(Italics ours.)