[No. 8573–5–I.   Division One.   April 27, 1981.]

THE STATE OF WASHINGTON, *Appellant,* v. MICHAEL LANE SAYERS, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Mark H. Sidran, Deputy,* for appellant.

*Lewis Nomura* of *Seattle–King County Public Defender Association,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The State appeals from a juvenile court order dismissing charges against a juvenile, Michael Lane Sayers.

The findings of fact and conclusions of law entered by that court explain the circumstances. These read as follows:

That on August 2, 1979, the [juvenile] was arrested on investigation of a burglary committed between June 14 and 16, 1979, and was released without charge;

Finding of fact No. 1.

That two other suspects, one a juvenile and one an adult, were charged with the burglary and both implicated the [juvenile in this case] as having participated in the burglary with them;

Finding of fact No. 2.

That the juvenile co–suspect entered a plea of guilty on November 7, 1979, and the adult co–suspect entered a plea of guilty on January 22, 1980;

Finding of fact No. 3.

That the prosecutor filed a charge of Burglary [in the second degree] against the [juvenile in this case] on January 22, 1980;

Finding of fact No. 4.

That the [juvenile] will be 18 on March 8, 1980 and has been accepted into the military;

Finding of fact No. 5.

That the above-entitled court has jurisdiction of the subject matter and of the [juvenile] in the above-entitled cause;

Conclusion of law No. 1.

That CrR 3.3 does not apply in juvenile court;

Conclusion of law No. 2.

That the [juvenile's] constitutional right to a speedy trial has been violated;

Conclusion of law No. 3.

That the information is dismissed.

Conclusion of law No. 4.

One ultimate issue is presented on appeal.

## ISSUE

Did the juvenile court err in dismissing the case?

## DECISION

CONCLUSION. We hold that error was committed and vacate the juvenile court's order of dismissal.

The juvenile court correctly concluded that CrR 3.3 does not apply in that court. *State v. Jacks,* 25 Wn. App. 141, 145, 605 P.2d 363 (1980).

JuCR 7.8 specifies the time limits within which a juvenile's trial, also known as an adjudicatory hearing, must take place. Though the record before us is somewhat sparse, it is uncontroverted that the adjudicatory hearing was timely set according to the requirements of JuCR 7.8.

■ The factors we are to consider in determining whether a defendant has been deprived of his or her constitutional right to a speedy trial are explained by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972):

The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are

weighed.

. . .

A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

(Footnotes omitted.)

Balancing the foregoing factors in the case before us makes it clear that the relatively short delay caused by the unavailability of the cosuspect's testimony did not unduly prejudice the defendant or affect the ability to present his case. The juvenile's constitutional right to a speedy trial was not denied.

The argument of counsel before the juvenile court and the court's oral decision make it clear that the basic reason for the juvenile court's dismissal of the charge was that court's hope (unfounded as the prosecutor stated in oral argument before this court) that the juvenile would be going into the military service.[1] See also finding of fact No. 5.

Thus, the juvenile court's order of dismissal appears

---

[1]The juvenile court's oral decision was as follows:

"THE COURT: I'm sorry. The Court will rule that Criminal Rule 3.3 does not apply to Juvenile Court, and I have made that ruling at least four times since I have been here this month.

"The Court will further rule that the constitutional rights of the defendant have been—or the respondent have been violated.

"I'll indicate that this is for me a very close point because typically, my rulings on this point involve youngsters between 12, 13 and 14 years old who have had what I would consider rather trivial crimes charged as compared to burglary.

"Here we have an 18 year old burglar that is asking for a constitutional right of a speedy trial under the equal protection system and until I heard about his plans, and this may be a strange, non–legal approach to it but he seems to have some plans that's going to get him out of the system at the very last second, and I'm going to use that as a justification for allowing him to claim his constitutional rights. The motion will be granted, but it sure is a thin state of facts upon which I'm basing it, but the motion to dismiss will be granted on that basis."

to be based on the criminal rule which authorizes a trial court to dismiss criminal prosecutions "on its own motion in the furtherance of justice". CrR 8.3(b). Even assuming that rule can be applied in juvenile court,[2] it cannot be applied in the present case because there was no showing of arbitrary action, governmental misconduct or mismanagement which must be shown before such a dismissal can be sustained. *State v. Dailey,* 93 Wn.2d 454, 457, 610 P.2d 357 (1980).

The dismissal order entered by the juvenile court is vacated.

SWANSON and DURHAM, JJ., concur.

---

[2]The criminal rules (CrR) are applicable in certain juvenile court cases where not inconsistent with the juvenile court rules (JuCR) and applicable statutes. JuCR 1.4(b).