[No. 10096-3-I.   Division One.   June 28, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL ARTHUR TUCKER, *Appellant.*

*Bruce Beckwith*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Chris Quinn–Brintnall* and *Ricardo Martinez, Deputies,* for respondent.

DURHAM, A.C.J.—Michael Arthur Tucker appeals a conviction of simple assault and second degree assault following a hearing in juvenile court. Tucker's only assignment of error is the trial court's denial of his motion to dismiss the information for unreasonable delay in violation of his right to a speedy trial. The pertinent dates are as follows:

| | |
|---|---|
| July 14, 1980 | Assault occurred. |
| July 15, 1980 | Tucker arrested by the King County Police. |
| July 15, 1980 | Investigation completed and referred to the juvenile division of the prosecutor's office. |
| October 10, 1980 | Information filed. |
| October 27, 1980 | Arraignment. |
| November 26, 1980 | Trial date. |

We conclude that Tucker's right to a speedy trial was not violated by the delay between his arrest and the filing of

the information. Although Tucker argued the case in terms of CrR 3.3 to the trial court, he does not argue the applicability of that rule on appeal. CrR 3.3 does not apply in juvenile court. *State v. Sayers,* 29 Wn. App. 128, 130, 627 P.2d 971 (1981). There is no juvenile court rule addressing a delay caused by the State between the time of arrest and the filing of the information. Therefore, the delay must be addressed solely in light of the constitutional guaranty to a speedy trial.

■ To determine if a defendant's constitutional right to a speedy trial has been violated, four factors must be considered: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right;[1] (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *State v. Parris,* 30 Wn. App. 268, 274, 633 P.2d 914, *review granted,* 96 Wn.2d 1016 (1981). We shall consider these factors in order.

In the instant case, the delay between arrest and filing of charges was roughly 3 months. Approximately 4½ months elapsed between the offense and the trial. The length of delay that will provoke the inquiry into the other factors in the balancing test depends upon the peculiar circumstances of the case. *Barker,* at 530–31. In *Barker,* the Court found that he had not been deprived of a speedy trial, despite a delay of over 5 years between arrest and trial. In *State v. Parris, supra,* the court held that Parris was not significantly prejudiced by a lapse of 97 days between arrest and trial, and less than a year between commission of the crime and trial.

The prosecution explained the delay as follows: the case was referred to the prosecutor's office on July 15. The prosecutor requested more information from the investigating detective and received a statement from a witness on August 27. At the same time, the investigating detective advised that he had requested a medical report on one of

---

[1] The State concedes that Tucker made a timely assertion of his right to a speedy trial.

the victims. The prosecutor's office received the medical report on September 25. At the motion to dismiss, the prosecuting attorney explained that the medical report was necessary to determine if the victim had suffered "grievous bodily injury" to justify a charge of felony assault. The trial court properly questioned the necessity for the delay when a simple phone call would have netted the same information much earlier. Nonetheless, in the balancing demanded by *Barker v. Wingo,* different weights are to be attached to different reasons for prosecutorial delay. Prosecutorial negligence is to be weighted less heavily than a deliberate attempt to hamper the defense. *Barker,* at 531.

Finally, prejudice to Tucker must be assessed in light of the interests which the speedy trial right was designed to protect. *Barker,* at 532. On appeal, Tucker asserts only that the delay may have prejudiced his case. At the motion to dismiss, Tucker's counsel noted that she was having difficulty contacting witnesses. In addition, one witness could not remember very much and could not remember if the victim had used a weapon. However, Tucker does not make a showing of actual prejudice.

When the appropriate factors are considered and weighed, we conclude that Tucker's right to a speedy trial was not violated.

The judgment and sentence is affirmed.

SWANSON and WILLIAMS, JJ., concur.