[No. 11076-1-III.   Division Three.   April 7, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH PATRICK RYNCARZ, *Appellant.*

*Hugh M. Spall,* for appellant.

*David A. Pitts, Prosecuting Attorney,* for respondent.

MUNSON, J. — Joseph P. Ryncarz was convicted of the following four counts: (1) second degree assault, RCW 9A.36-.021(1)(c); (2) possession of a pistol by a felon, RCW 9.41.040-(1); (3) possession of a 12-gauge loaded shotgun in a vehicle, RCW 77.16.250; and (4) extortion, RCW 9A.56.110 and .120(1). We reverse for failure to accept an affidavit of prejudice pursuant to RCW 4.12.050.

This case arose from two altercations between Mr. Ryncarz and Michael Campbell. The first occurred on April 1, 1990, when Mr. Ryncarz went to Mr. Campbell's home to demand money owed from Mr. Campbell's sale of Mr. Ryncarz' vehicle for parts. This resulted in a charge of extortion.

On May 23, Mr. Ryncarz returned to the property of Mr. Campbell. Mr. Campbell, observing a bulge under Mr. Ryncarz' jacket and suspecting a weapon, locked his door, procured his .22 rifle and told Mr. Ryncarz to leave. Mr. Ryncarz pulled a sawed-off shotgun from inside his jacket and pointed it at Mr. Campbell. Mr. Campbell fired three shots, hitting Mr. Ryncarz twice. Before leaving, Mr. Ryncarz shot Mr. Campbell's parked vehicle with his shotgun. From this altercation arose the remaining charges.

At his arraignment, Mr. Ryncarz filed an unverified affidavit and a motion for change of venue, purportedly based on RCW 4.12.030(2), .040, .050 and RCW 10.25.070. Mr. Ryncarz made it clear by citing RCW 4.12.050 that he wanted not only a change of venue but a change of judge. There is no basis whatsoever for the change of venue in this record.

RCW 4.12.050 provides a mechanism for a change of judge as a matter of right if an affidavit of prejudice is timely filed. *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 803 P.2d 798 (1991); *State v. Espinoza*, 112 Wn.2d 819, 823, 774 P.2d 1177 (1989). *See also In re Marriage of Lemon*, 118 Wn.2d 422, 823 P.2d 1100 (1992). Mr. Ryncarz' purported affidavit of prejudice was rejected for lack of proper form; it had not been signed before a notary public. The judge or clerk of court is authorized to administer oaths and affirmations. RCW 5.28.010. Nothing in RCW 4.12.050 precludes them doing so. Under RCW 9A.72.085 and GR 13, a notarized act is unnecessary if there is certification or declaration in the form prescribed. The record shows the judge or clerk of court could have corrected the purportedly improper form when Mr. Ryncarz appeared at his arraignment. When such a simple remedy is available and the result is otherwise so prejudicial, form should not prevail over substance. Mr. Ryncarz was entitled to a change of judge.

Therefore, we reverse and remand for a new trial.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

SHIELDS, C.J., and THOMPSON, J., concur.

Review denied at 119 Wn.2d 1020 (1992).