[No. 31649-4-I. Division One. August 23, 1993.]

THE STATE OF WASHINGTON, *Appellant,* v. MARTY R. WILCOX, *Respondent.*

*David R. Needy, Prosecuting Attorney,* and *Morgan Witt, Deputy,* for appellant.

*Donald J. Bisagna,* for respondent.

PER CURIAM. — The State appeals an order dismissing the case with prejudice based upon failure to bring the juvenile respondent to trial within the juvenile speedy trial rule. We accelerate review pursuant to RAP 18.12 and affirm.

## I

On April 30, 1991, Marty Wilcox was arraigned in the juvenile division of Whatcom County Superior Court on one count of indecent liberties.

Receiving an unfavorable ruling on a pretrial evidentiary issue, the State sought interlocutory review in this court, as well as a stay of the speedy trial period. On August 31, 1991, a commissioner of this court granted the motion, ruling that the speedy trial period was stayed until issuance of the mandate.

This court issued a decision on July 13, 1992. On September 1, 1992, the mandate issued.

A trial date was set for September 29, 1992. On that same day, the defense moved to dismiss for failure to bring Wilcox

to trial within the 17 days remaining of the 60-day period, *i.e.*, on or before September 18.

On October 1, 1992, a commissioner issued a memorandum decision granting the defense motion to dismiss. The State appeals.

## II

Under the juvenile speedy trial rule, JuCR 7.8, a juvenile must be brought to trial within 30 days of arraignment if held in detention and within 60 days otherwise. JuCR 7.8(b). The juvenile speedy trial rule is shorter than the adult 60/90-day rule because it is designed to promote the juvenile justice system's goal of prompt adjudication. *State v. Chavez*, 111 Wn.2d 548, 555, 761 P.2d 607 (1988).

At issue in this case is whether the case was set for trial within the juvenile speedy trial rule once the appellate stay was lifted. JuCR 7.8 is silent regarding the impact of an appellate court stay.

The question then becomes whether the adult speedy trial rule, CrR 3.3, should apply to fill in the gap in the juvenile rule. *See* JuCR 1.4(b) ("The Superior Court Criminal Rules shall apply in juvenile offense proceedings when not inconsistent with these rules and applicable statutes.")

CrR 3.3 contains two separate provisions concerning appellate court stays. The first, CrR 3.3(d)(4), provides for a new speedy trial period upon the lifting of an appellate stay. The rule reads:

> *Trial After Appeal or Stay.* If a cause is remanded for trial after an appellate court accepts review or stays proceedings, the defendant shall be brought to trial not later than 60 days after that appearance by or on behalf of the defendant in superior court, with notice to both parties of any such appearance, which next follows receipt by the clerk of the superior court of the mandate or other written order, if after such appearance the defendant is detained in jail, or not later than 90 days after such appearance if the defendant is thereafter released whether or not subject to conditions of release.

The State relies upon CrR 3.3(d)(4), arguing that upon issuance of the mandate a new speedy trial period commences. Recognizing that the 60/90-day period in CrR 3.3(d)(4) is in-

consistent with the 30/60-day period of JuCR 7.8(b), the State suggests that when the rule is applied to juvenile offenders, the speedy trial periods should be reduced to the shorter juvenile periods.

The second provision at issue, CrR 3.3(g)(5), conflicts with CrR 3.3(d)(4) because rather than establishing a new speedy trial period, it provides that an appellate stay *tolls* the speedy trial period. The rule reads:

> **(g) Excluded Periods.** The following periods shall be excluded in computing the time for arraignment and the time for trial:
>
> . . . .
>
> (5) Delay resulting from a stay granted by an appellate court[.]

Wilcox argues that under CrR 3.3(g)(5), when the stay lifted, the court was required to set a trial date within the 17 days remaining of the original 60 days. Because the September 29 trial date exceeded the speedy trial period by 11 days, Wilcox argues the commissioner properly dismissed the case.

■ As discussed below, we find that CrR 3.3(d)(4) is inconsistent with the purpose of the juvenile speedy trial rule. Because the adult criminal rules apply to the juvenile setting only to the extent they are consistent, we find it unnecessary to resolve CrR 3.3's internal inconsistency in order to decide the issue before us.

■■ The purpose of the juvenile speedy trial rule is to ensure prompt resolution of juvenile offense proceedings, which in turn promotes rehabilitation of the juvenile offender. *See State v. Rice*, 98 Wn.2d 384, 393, 655 P.2d 1145 (1982) (the Juvenile Justice Act of 1977 retains the goal of rehabilitation). Granting a new speedy trial period upon the lifting of an appellate stay, when the case remains in the pretrial stage and the initial speedy trial period has not lapsed, conflicts with the goal of prompt resolution of juvenile offense proceedings. If the State requires additional time, JuCR 7.8 authorizes continuances, on a case-by-case basis, when "required in the due administration of justice". JuCR 7.8(d)(2)(iii). It is noteworthy that in this particular case, the State had 7 weeks'

notice because the appellate decision was issued on July 13, but the mandate did not issue until September 1. Accordingly, issuance of the decision alerted the State that the mandate would soon follow, thereby terminating the stay.

In short, CrR 3.3(d)(4) is inconsistent with the juvenile rule, but CrR 3.3(g)(5) is not. Accordingly, the appellate stay tolled the running of the speedy trial period. Thus, when the stay was lifted by issuance of the mandate, the court was required to set the case for trial within the 17 days remaining of the original speedy trial period. Because the court failed to do, the commissioner properly dismissed the case with prejudice.

We affirm.