[No. 34345-9-I.   Division One.   October 3, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JONA GERALD BASTAS, *Appellant*.

---

*Eric J. Nielsen,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Linda Mary Ferguson, Deputy,* for respondent.

PER CURIAM. — Jona Bastas, a juvenile, seeks accelerated review of the trial court's manifest injustice disposition. Appointed counsel has filed an *Anders*[1] motion to withdraw in conjunction with the accelerated review. We deny the *Anders* motion to withdraw, accelerate review pursuant to RAP 18.12, and affirm the manifest injustice disposition.

## I

The State charged Bastas with second degree burglary. Bastas was 15 years old at the time of the burglary. Following Bastas' guilty plea, the parties proceeded to disposition. The standard range included 15 to 30 days' confinement.

The probation counselor, Diana Barden, recommended a manifest injustice finding and requested an exceptional sentence of 26 weeks. Her recommendation rested on the following facts. Bastas has a recent criminal history and history of

---

[1]*Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

failure to comply with recent disposition orders. Bastas was "the leader in this enterprise". Due to Bastas' continuing offenses and "poor judgment", he presents a danger to the community. Finally, Bastas was continuing to sniff gasoline and he had failed to benefit from community-based treatment programs for mental health and emotional problems.

Both the prosecutor and defense counsel recommended a standard range sentence. Defense counsel argued that several mitigating factors were present: Bastas' conduct had not threatened serious bodily injury and Bastas has suffered from depression, post traumatic stress disorder, and attention deficit hyperactive disorder.

Bastas addressed the court, stating that he was hanging out with a better crowd, that it had been several weeks since he had sniffed gasoline, that he was trying hard to do well in school and he didn't want to fall behind.

Bastas' mother and stepfather agreed with the probation counselor's recommendation, explaining that Bastas' problems were long-term and ongoing and they were unable to control Bastas. Bastas' mother felt that an exceptional sentence presented a last chance to make an impact on Bastas.

The judge entered a manifest injustice disposition for several reasons. The judge found that Bastas' criminal activity was escalating and that prior services had failed. The use of a gun made the current offense dangerous. Bastas violated his friend's trust by entering the shed belonging to his friend. In short,

> [Bastas] is a danger to the public. He is a danger to himself. The juvenile court has no resources. He has not complied. He has a history of probation violations and recent criminal activity. He is a danger to reoffend.

The judge imposed an exceptional sentence of 26 weeks.

## II

In conjunction with the motion for accelerated review of the manifest injustice disposition, Bastas' appointed attorney has filed a motion to withdraw on the ground that Bastas' appeal is frivolous. *Anders v. California*, 386 U.S.

738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967); RAP 18.3. We deny the motion.

The Juvenile Justice Act of 1977 (JJA) provides for accelerated appeal from a manifest injustice disposition:

> An appeal under this section shall be heard solely upon the record that was before the disposition court. No written briefs may be required, and *the appeal shall be heard within thirty days following the date of sentencing and a decision rendered within fifteen days following the argument.* The supreme court shall promulgate any necessary rules to effectuate the purposes of this section.

(Italics ours.) RCW 13.40.230(1). The Rules of Appellate Procedure implement accelerated review. Under RAP 18.13, a party seeking accelerated review of a manifest injustice disposition must do so by motion. Such a motion is set before and ruled on by a commissioner, before whom a hearing may be set within 10 days of filing the motion. RAP 17.4(a).

Because a 3-judge panel, rather than a commissioner, rules on *Anders* motions to withdraw, the highly accelerated review mandated by statute and implemented by court rule is not available when appointed counsel files an *Anders* motion. Thus, in some cases, filing an *Anders* motion to withdraw will functionally deny the juvenile offender the right to accelerated review.

In this case, for instance, Bastas was sentenced on February 28, 1994, to a 26-week exceptional sentence. On March 15, 1994, counsel was appointed to represent Bastas on appeal. On August 3, 1994, appointed counsel filed the motion for accelerated review/*Anders* motion to withdraw and noted it to be heard on August 19, 1994, before a commissioner. The commissioner promptly referred the matter to the judges' motion calendar for consideration of the *Anders* motion. Nonetheless, 29 weeks have now lapsed since the time of the disposition, thereby making the appeal moot.

In *In re Welfare of Hall*, 99 Wn.2d 842, 664 P.2d 1245 (1983), the court imposed a blanket prohibition against *Anders* motions in appeals from termination of parental rights. The court reasoned that, unlike criminal defendants,

who are presumed competent to undergo trial, parents appealing termination may not necessarily be competent and able to raise issues pro se. Thus:

> We therefore hold that, absent client consent, withdrawal of counsel on appeal in a child deprivation proceeding will never be permitted. While our central concern is those clients who are incompetent, we believe that case-by-case competency hearings would be too cumbersome a process and find a blanket prohibition on withdrawal the preferable approach. While this may require counsel to argue some frivolous appeals, we believe this is a small price to pay for assuring that the rights of all parents are fully protected. We also note that pursuing such an appeal would not constitute unethical conduct. While CPR DR 7-102(A) does generally prohibit an attorney from arguing a frivolous claim, CPR DR 2-110(A) prohibits an attorney from withdrawing from a case without the court's permission where the court rules require such permission. Where an appellate court refuses to allow appointed counsel to withdraw, arguing even a frivolous appeal does not violate CPR DR 7-102(A).

*In re Welfare of Hall*, 99 Wn.2d at 847.

■■ In the same vein, this court will not entertain an *Anders* motion to withdraw filed in conjunction with a motion for accelerated review from a manifest injustice disposition.[2] While the threat to accelerated review may be assessed on a case-by-case basis, this entails too cumbersome a process. Thus, in those instances in which the juvenile offender is unwilling to voluntarily withdraw the right to appellate review, appointed counsel may well be required to file a frivolous motion for accelerated review. As in *Hall*, this is a small price to pay in order to ensure a juvenile's statutory and court rule right to accelerated review of a manifest injustice disposition. While speedy justice is important in all areas of the criminal justice system, it is critical in the juvenile justice system. *See State v. Wilcox*, 71 Wn. App. 116, 119, 856 P.2d 1104 (1993) (prompt resolution of juvenile justice proceedings promotes rehabili-

---

[2] We recognize that RAP 18. 13(a) provides that a manifest injustice disposition may be "reviewed in the manner provided in the rules for other decisions *or* by accelerated review as provided in this rule." (Italics ours.) While we question the wisdom of nonaccelerated review, we emphasize that our decision is limited to instances in which the juvenile seeks accelerated review.

tation of juvenile offenders). *Accord State v. Chavez*, 111 Wn.2d 548, 555, 761 P.2d 607 (1988).

We deny counsel's motion to withdraw. For the reasons set forth in the unpublished portion of this decision, the manifest injustice disposition is affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.