[Nos. 39615-3-I; 39800-8-I; Division One. April 27, 1998.]
39643-9-I.

THE STATE OF WASHINGTON, *Respondent*, v. JESSICA ANN
DETRICK, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. JASON M.
BARNES, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. PAUL ESTRADA,
*Appellant*.

*Shauna C. O'Connor* and *Eric Broman* of *Nielsen, Broman & Associates, P.L.L.C.,* for appellant Detrick.

*Douglas J. Ende,* for appellant Barnes.

*Lisa D. Ridgedale* of *Washington Appellate Project,* for appellant Estrada.

*Norm Maleng, Prosecuting Attorney,* and *Deborah A. Dwyer, Deputy,* for respondent.

KENNEDY, C.J. — ■ The juvenile court adjudged Jessica Detrick, Jason Barnes, and Paul Estrada guilty of first degree robbery. They appeal, contending that Judge Bobbe J. Bridge erred by imputing Detrick's affidavit of prejudice, which was filed with respect to the superior court judge initially scheduled to hear the case, to Barnes and Estrada,

and by extending the time for their consolidated adjudicatory hearing past the speedy hearing requirements of JuCR 7.8(b). In addition, Detrick, Barnes, and Estrada contend that Judge Michael J. Fox erred under JuCR 7.8(g) by denying their motion to dismiss the robbery charge with prejudice by reason of violation of their speedy hearing rights.[1]

We hold that in a consolidated adjudicatory hearing an affidavit of prejudice filed by one juvenile respondent may properly be imputed to his or her co-respondents. And because CrR 3.3(d)—which extends the speedy trial period when a judge is disqualified—is not inconsistent with the juvenile rules, it applies to juvenile proceedings. Therefore, Judge Bridge properly extended the time for Detrick, Barnes, and Estrada's consolidated adjudicatory hearing and Judge Fox properly denied the motion to dismiss with prejudice. Accordingly, we affirm.

## FACTS

Armed with a baseball bat and a gardening tool, Barnes and Estrada, both age 16, robbed a 7-Eleven store on June 25, 1996. Detrick, also age 16, observed the robbery and stood guard. Barnes beat the cashier with the bat while Estrada watched. Barnes and Estrada then took cigarette cartons and the cash register, which they were unable to open, and left the store.

Detrick, Barnes, and Estrada were identified from the store's video surveillance tape. Each was charged by information with first degree robbery and their hearings were consolidated under JuCR 7.9(b). On September 18, 1996, Detrick filed an affidavit of prejudice against the judge who was scheduled to hear the case on that day, and the State moved for a continuance because its primary investigating

---

[1]Barnes also contends that the juvenile court erred in denying his motion to sever in order to preserve his speedy trial rights. But the record does not contain such a motion based on speedy trial. Because Barnes failed to present an adequate record for review on appeal, we decline to consider this issue. *State v. Garcia*, 45 Wn. App. 132, 140, 724 P.2d 412 (1986).

witness was unavailable. The speedy hearing expiration date was September 25, 1996, but no other judge was available to hear the consolidated cases within that period. Applying CrR 3.3, Judge Bridge concluded that Detrick's affidavit of prejudice extended the time for the consolidated hearing as to all three juveniles. Accordingly, she reset the hearing for October 3, 1996, eight days beyond the then-pending speedy hearing expiration date. Judge Bridge declined to rule on the State's motion to continue.[2]

On the day of the adjudicatory hearing, the juveniles argued to Judge Fox that their hearing was not held within the time limits of JuCR 7.8. They reasoned that CrR 3.3 (d)(6), the Superior Court provision upon which Judge Bridge relied, does not apply to juveniles. Accordingly, they moved to dismiss the informations with prejudice under JuCR 7.8(g). Judge Fox denied this motion and proceeded with the hearing. He found the juveniles guilty of first degree robbery and sentenced them within the standard range. Detrick, Barnes, and Estrada appeal.

## DISCUSSION
### I. Affidavit of Prejudice

"No judge of a superior court . . . shall sit to hear or try any action or proceeding when it [is] established . . . that said judge is prejudiced[.]" RCW 4.12.040. Such prejudice is established upon a party's timely filing of a motion and affidavit of prejudice against the judge. *State v. Dennison*, 115 Wn.2d 609, 620, 801 P.2d 193 (1990); RCW 4.12.050. Upon such a filing in Washington, the party has a peremptory right to a change of judge; there is no question of fact or discretion. *Dennison*, 115 Wn.2d at 620; *Hanno v. Neptune Orient Lines, Ltd.*, 67 Wn. App. 681, 683, 838 P.2d 1144 (1992). A party is entitled to only one change of judge as a matter of right. RCW 4.12.050. Yet, if the party shows

---

[2]Contrary to Detrick's contention, Judge Bridge did not grant the State's motion to continue the hearing. She stated, "An affidavit of prejudice has been filed . . . . That matter then takes us out of the notion of a motion for continuance." Report of Proceedings at 37 (Sept. 18, 1996).

actual prejudice, the court must consider a motion for disqualification even if the statutory right has been exhausted. *State v. Palmer,* 5 Wn. App. 405, 411-12, 487 P.2d 627 (1971). These rules apply to superior court judges sitting in juvenile court. *State v. Espinoza,* 112 Wn.2d 819, 823, 774 P.2d 1177 (1989).

 Here, Judge Bridge, relying upon *LaMon v. Butler,* 112 Wn.2d 193, 770 P.2d 1027 (1989), considered Detrick's affidavit of prejudice to be "one for all" co-respondents. Report of Proceedings at 37 (Sept. 18, 1996). In *LaMon,* our Supreme Court held that co-plaintiffs and co-defendants in a civil case are limited to the filing of a single affidavit. *Id.* at 202-04. Accordingly, Judge Bridge imputed Detrick's affidavit to Barnes and Estrada for the purpose of extending the time for their consolidated hearing. On appeal, Barnes and Estrada contend that she erred in doing so. Because this issue presents a question of law, we review the ruling de novo. *State v. McCormack,* 117 Wn.2d 141, 143, 812 P.2d 483 (1991).

Barnes argues that *LaMon* is irrelevant because it addresses whether a party can file multiple affidavits of prejudice, which is not at issue here, rather than whether a juvenile's speedy hearing period is extended when her or his co-respondent files an affidavit of prejudice. Although it is true that neither Barnes nor Estrada filed separate affidavits of prejudice, the reasoning in *LaMon* is nevertheless relevant and persuasive.

To reach its conclusion that co-plaintiffs and co-defendants are limited to the filing of a single affidavit, the *LaMon* court defined "party" in RCW 4.12.050 to include one or more individuals. *LaMon,* 112 Wn.2d at 202-03 (citing BLACK'S LAW DICTIONARY 1010 (5th ed. 1979)). Then it explained, "If we were to hold that each plaintiff and each defendant were entitled to file an affidavit of prejudice, then scores of judges could be disqualified in a single case. The Legislature could not have intended that result." *Id.* at 203.

This reasoning applies equally well in the juvenile

context. Multiple judges could similarly be disqualified in a single case if each co-respondent had a separate statutory right to disqualify a judge. Because each juvenile may move to disqualify the judge upon a showing of *actual* prejudice, the nonfiling co-respondents would not be unduly affected by such a rule.

Furthermore, a contrary result would frustrate the intent of JuCR 7.9(b), the rule allowing juvenile cases to be consolidated for purposes of hearing. That is, if one juvenile's filing of an affidavit of prejudice extended the JuCR 7.8 hearing time for him or her, but not for his or her co-respondents, then the juvenile court would be forced to sever consolidated cases and hold two or more hearings. Such a result would allow accused juveniles to regularly evade consolidated adjudications and defeat the policy behind consolidation, i.e., the promotion of judicial economy.

█ Juvenile proceedings are civil, not criminal, in nature. *Monroe v. Soliz*, 132 Wn.2d 414, 429, 939 P.2d 205 (1997) (citing *Kent v. United States*, 383 U.S. 541, 555, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966)). Nonetheless, our ruling would be the same if we were to consider these proceedings criminal in nature. We hold that in a consolidated juvenile adjudicatory proceeding an affidavit of prejudice filed by one juvenile respondent may properly be imputed to his or her co-respondents. Accordingly, Judge Bridge did not err in relying upon *LaMon*.

## II. Applying CrR 3.3(d)(6) to Juveniles

JuCR 7.8 requires adjudication within 30 days from arraignment if the alleged juvenile offender is held in detention pending the adjudicatory hearing and would be at liberty but for the charges contained in the information. *State v. Stackhouse*, 88 Wn. App. 963, 972, 947 P.2d 777 (1997); JuCR 7.8(b). The purpose of this rule "is to ensure prompt resolution of juvenile offense proceedings, which in turn promotes rehabilitation of the juvenile offender." *State v.*

*Harris*, 130 Wn.2d 35, 43, 921 P.2d 1052 (1996) (quoting *State v. Wilcox*, 71 Wn. App. 116, 119, 856 P.2d 1104 (1993)). If the juvenile court violates this rule, the information must be dismissed with prejudice. JuCR 7.8(g).

▮ The right to speedy trial is guaranteed by the Fifth and Sixth Amendments to the United States Constitution and article 1, section 22 of the Washington Constitution. But trial within the statutorily specified number of days is not a constitutional mandate. The constitutional right to a speedy trial is violated only after a reasonable—not a fixed—time. *State v. Monson*, 84 Wn. App. 703, 711, 929 P.2d 1186 (citing *State v. Higley*, 78 Wn. App. 172, 184-85, 902 P.2d 659 (1995)), *review denied*, 133 Wn.2d 1015 (1997). CrR 3.3(d) allows extensions of the time for trial for valid reasons.

A valid reason for exceeding the speedy trial period is a delay caused by the disqualification of a judge. If a judge is disqualified under the Superior Court Criminal Rules, the accused "shall be brought to trial as prescribed by [CrR 3.3], or not later than 30 days following the disqualification, whichever is later." CrR 3.3(d)(6). The Juvenile Court Rules specify that the "Superior Court Criminal Rules shall apply in juvenile offense proceedings when not inconsistent with [the juvenile] rules and applicable statutes." JuCR 1.4(b).

▮ Detrick, Barnes, and Estrada contend that CrR 3.3(d)(6) does not apply to juveniles. In support of this position, they cite two cases that hold that the CrR 3.3 time limits do not apply to juveniles because JuCR 7.8 sets forth its own time limits: *State v. Sayers*, 29 Wn. App. 128, 130, 627 P.2d 971 (1981), and *State v. Jacks*, 25 Wn. App. 141, 145, 605 P.2d 363 (1980). But these cases are distinguishable. Unlike the rules at issue in *Sayers* and *Jacks*, the rule at issue here, whether the JuCR 7.8 hearing period may be extended when a judge is disqualified by reason of an affidavit of prejudice, is not a separately designated juvenile rule. Therefore, these cases are inapposite.

Detrick, Barnes, and Estrada also rely upon a case that

holds that prehearing interlocutory review does not reset the speedy hearing period for juveniles where the speedy hearing period has not lapsed when the appellate stay is lifted. *Wilcox*, 71 Wn. App. at 118-19. Although the juvenile rules were silent, this court rejected the applicability of CrR 3.3(d)(4), which mandates a new speedy hearing period upon the lifting of an appellate stay, because doing so would be inconsistent with the purpose of the juvenile proceedings: "Granting a new speedy trial period upon the lifting of an appellate stay, when the case remains in the pretrial stage and the initial speedy trial period has not lapsed, conflicts with the goal of prompt resolution of juvenile offense proceedings." *Id*. at 119.

■ Here, Judge Bridge, unlike the judge in *Wilcox*, did not reset the juveniles' speedy hearing period contrary to juvenile court policy. She merely extended the hearing period to arrange for a new judge to hear the case. Because this delay was necessary to reschedule the adjudication hearing, it was not in conflict with the goal of prompt resolution of juvenile offense proceedings. Accordingly, *Wilcox* is not persuasive to the contrary.

CrR 3.3(d)(6) allows an extension of the speedy trial period when a judge is disqualified. Although the juvenile rules do not specifically refer to this eventuality, because juveniles are entitled to utilize affidavits of prejudice against Superior Court judges, the extension allowed by CrR3.3(d)(6) is not inconsistent with juvenile policy. We hold that CrR3.3(d)(6) applies to juvenile court adjudicatory proceedings.

### III. Motion to Dismiss

"If the adjudicatory hearing on a juvenile offense is not held within the time limits in this rule, the information shall be dismissed with prejudice." JuCR 7.8(g). Because the consolidated adjudicatory hearing was held within permissible time limits under the juvenile rules, Judge Fox properly denied the motion to dismiss.

Accordingly, we affirm the adjudications of all three juveniles.

COLEMAN and COX, JJ., concur.