[Nos. 21010-3-III; 21011-1-III. Division Three. July 8, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. DELAND RAY OLNEY, ET AL., *Petitioners*.

*Thomas A. Zeilman* and *Toni L. Whitegrass*, for petitioners.

*Ronald S. Zirkle, Prosecuting Attorney*, and *Kenneth L. Ramm, Jr., Deputy*, for respondent.

BROWN, C.J. — RCW 77.15.460(1) criminalizes possession of a loaded rifle or shotgun in a motor vehicle. The question here is whether the statute applies to Deland R. Olney and

Evans Lewis, Jr., enrolled members of a recognized Indian tribe with treaty reserved hunting rights. We hold RCW 77.15.460 applies to the petitioners without conflict with their treaty rights, and affirm the denial of their motions to dismiss and their convictions.

## FACTS

Mr. Olney and Mr. Lewis are enrolled members of the Confederated Tribes and Bands of the Yakama Nation, a federally recognized Indian tribe. The two were hunting on state land near the city of Naches. A Fish and Wildlife officer saw the men driving a pickup truck with a five-point bull elk in the bed of the truck. Based on routine practice during open hunting season, the officer stopped the men and asked for identification, licensing, and harvesting information. Mr. Olney and Mr. Lewis both produced tribal enrollment cards for the officer.

The officer conducted a safety check of their weapons. Mr. Olney and Mr. Lewis had cartridges in their rifles. Both men were cited for unlawful possession of a loaded firearm in a motor vehicle in violation of RCW 77.15.460. Their weapons were not confiscated.

Mr. Olney and Mr. Lewis both moved unsuccessfully to dismiss, arguing RCW 77.15.460 was preempted by the supremacy clause, U.S. Const. art. VI, cl. 2, in view of the Treaty of 1855 because it represented an invalid exercise of State police power to regulate their manner of hunting. The district court held the statute, as a safety statute, applied generally throughout the state whether a person was hunting or not.

Both petitioners were convicted in consolidated trials and were given 90-day suspended sentences. The superior court affirmed. We granted discretionary review because the issue, whether RCW 77.15.460 prohibits the possession of loaded firearms in a motor vehicle generally, is one of public interest which should be determined by an appellate court. RAP 2.3(d)(3). We consolidated their appeals.

## ANALYSIS

The issue is whether the district court erred in denying Mr. Olney's and Mr. Lewis's requests for dismissal of the firearm charges for lack of jurisdiction and concluding RCW 77.15.460(1) was not preempted by the operation of the Treaty of 1855 through the supremacy clause on the grounds that the statute is one of general application for safety purposes rather than one designed to regulate the manner of Indian hunting.

In general, we review an order denying a motion to dismiss for manifest abuse of discretion. *State v. Gary J.E.*, 99 Wn. App. 258, 261, 991 P.2d 1220, *review denied*, 141 Wn.2d 1020 (2000). Mr. Olney and Mr. Lewis ask us to review the trial court's interpretation of RCW 77.15.460. We review a trial court's interpretation of a statute de novo. *State v. Avila*, 102 Wn. App. 882, 888, 10 P.3d 486 (2000), *review denied*, 143 Wn.2d 1009 (2001).

In 1855, Washington Territory entered into a treaty with the Yakama Tribe, guaranteeing hunting and fishing rights. *State v. Buchanan*, 138 Wn.2d 186, 198, 200 n.6, 978 P.2d 1070 (1999), *cert. denied*, 528 U.S. 1154 (2000). "[A] treaty with Indians is the supreme law of the land and is binding on the State until Congress limits or abrogates the treaty." *Id.* at 201 (citing U.S. CONST. art. VI; *Antoine v. Washington*, 420 U.S. 194, 201, 95 S. Ct. 944, 43 L. Ed. 2d 129 (1975); *State v. McCormack*, 117 Wn.2d 141, 143, 812 P.2d 483 (1991), *cert. denied*, 502 U.S. 1111 (1992)).

Petitioners first contend RCW 77.15.460 is an improper law regulating Indian hunting contrary to treaty rights. RCW 77.15.460 partly provides:

(1) A person is guilty of unlawful possession of a loaded firearm in a motor vehicle if:

(a) The person carries, transports, conveys, possesses, or controls a rifle or shotgun in or on a motor vehicle . . . .

. . . .

(4) This section does not apply if the person:

(a) Is a law enforcement officer who is authorized to carry a firearm and is on duty within the officer's respective jurisdiction;

(b) Possesses a disabled hunter's permit as provided by RCW 77.32.237 and complies with all rules of the department concerning hunting by persons with disabilities.

■ Absent ambiguity, a statute's meaning must be derived from the wording of the statute itself without judicial construction or interpretation. *State v. Alvarez*, 128 Wn.2d 1, 16, 904 P.2d 754 (1995). We derive the plain meaning of the statute "from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002). When statutory language is clear and unequivocal, courts must assume the legislature meant exactly what it said and apply the statute as written. *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001) (citing *State v. Chapman*, 140 Wn.2d 436, 450, 998 P.2d 282, *cert. denied*, 531 U.S. 984 (2000)).

■ The word "person" as used in Title 77 RCW is defined as "an individual; a corporation; a public or private entity or organization; a local, state, or federal agency; all business organizations, including corporations and partnerships; or a group of two or more individuals acting with a common purpose whether acting in an individual, representative, or official capacity." RCW 77.08.010(4). This definition is not limited to hunters. Significantly, the legislature chose the word "person" over "hunter" several times throughout Title 77 RCW, evidencing the legislature's distinction between the two. *See* RCW 77.04.040, .150; RCW 77.12.150, .620, .800; RCW 77.32.238.

Furthermore, RCW 77.15.460 provides an exception for law enforcement officers. Law enforcement is wholly independent of hunting, thereby further evidencing the legislature's intent that RCW 77.15.460 apply to individuals in general, and not specifically hunters.

Also, at the end of the table of contents for chapter 9.41 RCW, the criminal statutes relating to firearms and dangerous weapons, the legislature explicitly references RCW 77.15.460 regarding carrying a loaded shotgun or rifle in a vehicle. This is consistent with RCW 77.15.005 which specifies a legislative intent to create uniformity and avoid redundancy between the criminal laws with those governing fish and wildlife. Illustratively, two Washington cases concern defendants convicted of violating former RCW 77.16.250 (1998), the predecessor to RCW 77.15.460; neither defendant was a hunter. *See State v. Ryncarz*, 64 Wn. App. 902, 903, 826 P.2d 1101 (1992); *State v. Roth*, 30 Wn. App. 740, 742-43, 637 P.2d 1013 (1981).

The plain language of RCW 77.15.460 indicates the legislature intended this statute to be of general application and not limited to hunters. As correctly pointed out by the superior court judge, a person can violate RCW 77.15.460 by possessing a loaded shotgun in their vehicle while hunting or driving to a football game. Since RCW 77.15.460 is a safety-based statute of general application under the state police powers, it does not infringe on Mr. Olney's and Mr. Lewis's treaty hunting rights. No ambiguity in the statue exists; thus, no interpretation or construction is required.

Next, petitioners contend RCW 77.15.460 is not reasonable and necessary to accomplish game conservation purposes. Given the foregoing, this argument assumes incorrectly that RCW 77.15.460 is exclusively directed to fish and game matters.

In any event, the State's power to regulate game within its boundaries may only be applied to limit rights guaranteed to Indians "if it is nondiscriminatory and meets appropriate standards for game conservation." *State v. Miller*, 102 Wn.2d 678, 682, 689 P.2d 81 (1984). An appropriate standard for game conservation is whether the regulation is " 'reasonable and necessary.' " *Id.* at 686 (quoting *Antoine*, 420 U.S. at 207). "[T]he [S]tate has the affirmative burden of proving these elements at the time it first becomes aware

that the defendant is an Indian whose tribe was a party to a treaty." *Id.* at 687. Mr. Olney and Mr. Lewis argue the State has not met its burden of proving RCW 77.15.460 is reasonable and necessary for game conservation.

■ While the petitioners correctly set forth the *Miller* test, they overlook the distinction between the legal propriety of conservation measures and the federal constitutional standard concerning the scope of the state police power. *Puyallup Tribe v. Dep't of Game*, 391 U.S. 392, 403 n.14, 88 S. Ct. 1725, 20 L. Ed. 2d 689 (1968). Tribal activities conducted outside the reservation present different considerations. " 'State authority over Indians is yet more extensive over activities . . . not on any reservation.' " *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 148, 93 S. Ct. 1267, 36 L. Ed. 2d 114 (1973) (quoting *Organized Vill. of Kake v. Egan*, 369 U.S. 60, 75, 82 S. Ct. 562, 7 L. Ed. 2d 573 (1962)). Beyond reservation boundaries, Indians "have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State." *Id.* at 148-49. As concluded above, RCW 77.15.460 is a statute of general applicability.

Mr. Olney and Mr. Lewis attempt to distinguish *Mescalero*, arguing the issue of taxation in *Mescalero* is distinct from the issue of hunting in their case. However, the Ninth Circuit has recently held that a law of general applicability does not exempt tribal members unless a treaty itself specifically provides so. *United States v. Gallaher*, 275 F.3d 784, 788-89 (9th Cir. 2001). Further, the court stated:

> "[F]ederal laws of general applicability . . . have nothing to do with the regulation of any . . . Indian treaty right. Any effect on the defendant's right to hunt is merely incidental, and applicable only to him. The treaty rights allegedly abridged belong to the tribe as a whole and not to any one individual."

*Id.* at 789 (quoting *United States v. Three Winchester 30-30 Caliber Lever Action Carbines*, 504 F.2d 1288, 1292 (7th Cir. 1974)). Mr. Olney and Mr. Lewis have failed to point to a

specific treaty right exempting them from laws of general applicability off reservation boundaries.

Accordingly, RCW 77.15.460 does not exceed the scope of the State's police power. Since the men were outside the reservation boundaries at the time of citation, Mr. Olney and Mr. Lewis are subject to RCW 77.15.460, which is applicable to all citizens of the state. The district court did not err in denying their requests for dismissal.

Affirmed.

SWEENEY and KURTZ, JJ., concur.

Review denied at 151 Wn.2d 1004 (2004).